# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL WERT**, | : | CIVIL NO. 1:18-CV-963 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN ODDO**, | : | |
| Respondent | : | |

## MEMORANDUM

Presently pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Daniel Wert ("Wert"), an inmate confined at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"). Wert contends that his due process rights were violated in the context of a disciplinary hearing held at USP-Allenwood. For the reasons set forth below, the court will dismiss the habeas petition.

## I.    Background

On July 19, 2017, the health services department collected a urine sample from Wert and provided the sample to Phamatech Laboratories for testing. (Doc. 1 at 11; Doc. 1-1 at 1, Incident Report; Doc. 1-1 at 7). On August 1, 2017, the prison received a report from Phamatech Laboratories which indicated that Wert's urine sample tested positive for Buprenorphine (Suboxone). (Id.) Medical department staff reviewed Wert's medical records and determined that he was not on any prescribed medication that would cause a positive reading for Buprenorphine

(Suboxone).  (Id.)  As a result, on August 1, 2017, Wert was charged in Incident Report Number 3016652, with use of any narcotic, marijuana, drugs, alcohol, intoxicants, or related paraphernalia not prescribed for the individual by medical staff, a Code 112 violation.  (Doc. 1 at 11; Doc. 1-1, Ex. 1, Incident Report; Doc. 1-1, Ex. 2, Discipline Hearing Officer Report).  The incident report was delivered to Wert on August 1, 2017.  (Id.)

On August 2, 2017, Wert appeared before the Unit Disciplinary Committee ("UDC"). (Doc. 1-1 at 1, Incident Report).  Wert was advised of his rights, indicated that he understood his rights, and commented, "I've never done that before in my life."  (Id.)  Due to the seriousness of the offense, the UDC referred the matter to the Discipline Hearing Officer ("DHO") with a recommendation that sanctions be imposed.  (Id.)

On August 7, 2017, Wert appeared before the Discipline Hearing Officer. (Doc. 1-1 at 2-4, Discipline Hearing Officer Report).  During the August 7, 2017 hearing, the DHO confirmed that Wert received advanced written notice of the charges on August 1, 2017.  (Id.)  Wert was again advised of his rights before the DHO, waived his right to a staff representative, did not present any evidence, and did not request to call any witnesses.  (Id.)  Upon questioning by the DHO, Wert denied the charges and stated that he "doesn't do drugs."  (Doc. 1-1 at 3, DHO Report).  After consideration of the evidence, including the lab report showing a positive urine result, the DHO found that Wert committed the prohibited act of use of any narcotic, marijuana, drugs, alcohol, intoxicants, or related paraphernalia not prescribed for the individual by medical staff.  (Id.)  The DHO sanctioned Wert to

thirty (30) days of disciplinary segregation, and loss of phone, visitation, and contact visitation privileges for eight (8) months. (Id.) Wert did not lose any good conduct time as a result of the misconduct. (Id.) Additionally, the result of the hearing did not affect the release date of the life sentence Wert is currently serving. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

In the instant habeas petition, Wert claims that he was unable to adequately defend himself before the DHO, he is actually innocent of the charge, and he underwent an independent lab test that would "exonerate [him] of all wrong-doing." (Doc. 1 at 15, 16; Doc. 11). For relief, Wert seeks expungement of the incident report and all related information in his inmate file, and restoration of all privileges lost in connection with the misconduct. (Doc. 1 at 9).

## II. Discussion

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. To invoke the Due Process Clause, a petitioner must first identify a liberty interest that has been violated. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Prisoners are entitled to due process protection only when the disciplinary action results in the loss of good conduct time or when a

3

penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Wert fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). Wert does not allege that he lost any good-time credits and the record confirms that he did not lose any good conduct time. Rather, Wert's disciplinary infractions resulted only in temporary placement in disciplinary segregation, and temporary loss of various privileges. These sanctions do not implicate protected liberty interests as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. See, e.g., Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (holding that prisoners do not have a constitutionally protected interest in prison visitation); Robinson v. Norwood, 535 F. App'x 81, 83 (3d Cir. 2013) (placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); Gonzelez v. Zickenfoose, 2014 WL 257850, at *2 (M.D. Pa. 2014) (the temporary loss of commissary, visitation and email privileges do not "implicate a protected liberty interest as they do not result in any

4

atypical or significant hardships in relation to the ordinary incidents of prison life"). Because the sanctions imposed did not include a loss of good conduct time, and, therefore, had no impact on the fact or length of Wert's sentence or confinement, and did not impose an atypical and significant hardship on him, the petition is subject to dismissal. See Leamer, 288 F.3d at 540-42; Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172 (3d Cir. 2007).

### III. Conclusion

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus. An appropriate order will issue.

   /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: January 11, 2019